23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JAMES

STATE OF LOUISIANA

NO. 34575 DIV. " " DOCKET

SECTION D

QUINCY ALLEN

VERSUS

AEP RIVER OPERATIONS, LLC
NATHAN KINARD
XYZ INSURANCE COMPANY

FAX

FILED: April 21, 2011 DEPUTY CLERK:

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Quincy Allen (hereinafter "Allen"), a person of the full age of majority, domiciled and residing in this Parish and State, who respectfully represents the following:

I.

Made defendants herein are:

1) **AEP RIVER OPERATIONS, LLC** (hereinafter "AEP"), which on information and belief is a corporation organized under the Laws of the State of Delaware, with its principal place of business in the State of Missouri, and its primary business office in the State of Louisiana, located in Convent, Louisiana, which at all times was authorized to do and doing business in this Parish and State;

2) **NATHAN KINARD** whom, on information and belief, is a person of the full age of majority, domiciled and residing in the United States of America, who at all relevant times was employed as a deckhand by AEP; and

3) **XYZ INSURANCE COMPANY** (fictitiously identified) which, on information and belief is a foreign insurance company authorized to do and doing business within this Parish and State and which, at all relevant times provided liability insurance to AEP for accidents as described below.

II.

This matter arises out of an accident aboard a vessel in the Mississippi River. The plaintiff

brings this matter in this Honorable Louisiana State Court for the Parish of St. James, under the Savings to Suitor clause of 28 U.S.C. 1333(1).

III.

On and before November 30, 2008, Allen was employed by American River Transportation Company (hereinafter "ARTCO").

IV.

On and before November 30, 2008, ARTCO had assigned Allen to work aboard the *M/V Scarlet Gem*.

V.

At all relevant times, the *M/V Scarlet Gem* was owned by Archer-Daniels-Midland Co. (hereinafter "ADM").

VI.

On November 30, 2008, a tug owned and/or operated by the defendant AEP was pushing a tow downriver.

VII.

On November 30, 2008, the *M/V Scarlet Gem* met the AEP tow in the Mississippi River to break out a few of the barges.

VIII.

On November 30, 2008, Allen walked to the head of one of the barges being removed from the AEP tow to retrieve the stabilizer wire connecting the barge to a second barge that was going to remain in the AEP tow.

IX.

The defendant, Nathan Kinard, (hereinafter "Kinard") was employed by AEP as a deckhand.

X.

On November 30, 2008, Kinard was on a barge connected to the AEP tow, controlled by the AEP owned and operated vessel.

XI.

Without any notice to Allen and in total disregard for Allen's safety, as well as complete dereliction of his obligation to warn his fellow human being (Allen), Kinard kicked the stabilizer line out of the stationary ratchet and letting it go simultaneously causing it to snap back towards Allen.

XII.

The stabilizer wire wrapped around Allens arm jerking his arm in an unnatural position.

XIII.

As a result of this incident, Allen sustained serious bodily injuries.

XIV.

At the time of the accident, Kinard was in the course and scope of his employment with AEP.

XV.

The accident was caused by one or more of the following acts and/or omissions of Kinard:

1. Failing to give Allen notice of his intent to kick the stabilizer wire off of the ratchet and letting it go at that moment;
2. Removing by kicking the stabilizer wire off of the ratchet when it was unsafe to do so;
3. Failing to properly handle the stabilizer wire; and
4. All other negligent acts and omissions which will be discovered during the course of this litigation and which will be proven at the trial of this matter.

XVI.

AEP is solidarily liable with Nathan Kinard under the doctrine of *respondeat superior*.

XVII.

Additionally and/or alternatively the accident was caused by one or more of the following acts and/or omissions of AEP:

1. Failing to properly train its employees;
2. Failing to properly instruct its employees;
3. Ordering its employees to negligently remove the stabilizer wire off of the cavel; and
4. All other negligent acts and omissions which will be discovered during the course of this litigation and which will be proven at the trial of this matter.

XVIII.

As a result of the accident, Allen sustained general and special damages which he seeks to recover including but not exclusively; those damages for past and future: physical pain and suffering, mental anguish, inconvenience, medical bills, lost wages, future impairment of earning capacity, and loss of enjoyment of his life, for which he desires to be compensated by the defendants as well as all other damages reasonable in the premises.

XIX.

At all relevant times, XYZ Insurance Company had in full force and effect a maritime liability insurance policy insuring AEP for accidents as described above and is therefore liable *in solido* with AEP.

**WHEREFORE**, plaintiff, Quincy Allen, prays that defendants be served with a copy of this Petition, be duly ordered to appear and answer same, and, after all legal delays and due proceedings be had, there be judgment herein in favor of plaintiff, Quincy Allen, and against the defendants, AEP River Operations, LLC, Nathan Kinard, and/or XYZ Insurance Company, jointly, severally, and *in solido* awarding the plaintiff all of his general and special damages, legal interest, pre and post judgment interest, all costs of these proceedings including expert witness fees, and for all other legal and equitable relief appropriate under the circumstances.

Respectfully submitted,

James E. Cazalot, Jr. (LA Bar # 17510)
H. Edward Sherman (LA Bar # 12016)
H. EDWARD SHERMAN, APLC
1010 Common Street, Suite 1750
New Orleans, LA 70112
Telephone: (504) 587-7100
Facsimile: (504) 587-7102
Email: jimcazalot@edsherman.org

**PLEASE SERVE:**

1. AEP River Operations, LLC, through its agent for service of process, CT Corporation System, 5615 Corporate Blvd., Suite 400 B, Baton Rouge, LA 70808
2. Nathan Kinard, HOLD SERVICE
3. XYZ Insurance Company, HOLD SERVICE